### T. F. THOMPSON v. THE STATE.

No. 584. Decided May 11, 1910.

**Local Option—Felony—Jurisdiction.**

The Act of the Thirty-first Legislature fixing the punishment as for a felony for the sale of intoxicating liquors, does not apply in counties which had adopted the law before the passage of the Act; and the District Court had no jurisdiction.

Appeal from the District Court of Delta. Tried below before the Honorable R. L. Porter.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Newman Phillips* and *Patteson & Patteson,* for appellant.—On the question that the felony punishment did not apply to the case: Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This case is identical with that of Lewis v. State, from Hill County, in which we held recently that the Act of the Thirty-first Legislature fixing the punishment as for a felony for the sale of intoxicating liquors did not apply in counties which had adopted the law before the passage of the Act. In this case it appears that local option was adopted in Delta County some years before the passage of the Act in question. It, therefore, results that the District Court had no jurisdiction to try the case, and its judgment convicting for a felony can not be sustained. It is, therefore, ordered that the judgment of conviction be and the same is hereby reversed with instructions to the District Court to transfer the case to the County Court of Delta County for trial according to law.

*Reversed and remanded.*